**FILED**
**CLERK**

1:08 pm, Jun 12, 2025

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAQUAN JENNINGS,

                      Plaintiff,

       -against-

NASSAU COUNTY DISTRICT COURT,
TRICIA M. FERRELL, LETITIA JAMES,
ANNE DONNELLY, ANGELA DILLBERTI,
OFFICER DAVILA,

                      Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24-CV-8601 (SJB) (ARL)

**LINDSAY, Magistrate Judge:**

The *pro* se plaintiff, Jaquan Jennings ("Plaintiff"), commenced this civil rights action on December 17, 2024, alleging that his rights as a member of the Black-Eagle Clan/Guale Yamassee Tribal Nation were violated when the Nassau County District Court allegedly failed to honor his Notice of Removal to Tribal Court. ECF No. 1. On February 13, 2025, Plaintiff advised the Court that he did not consent to have this matter resolved by the undersigned. ECF No. 8. District Judge Bulsara was assigned to this action on February 14, 2025. This Court erroneous entered an order directing that discovery proceed pursuant to this Court's procedures for incarcerated Plaintiffs. ECF No. 10. The incarcerated prisoner scheduling order was vacated on February 24, 2025, and a revised scheduling order was entered. ECF No. 11. Nevertheless, on March 19, 2025, Plaintiff objected to the already withdrawn Order. ECF No. 12. Judge Bulsara rejected Plaintiff's objection on March 27, 2025, noting that this Court has the authority to control the pretrial management of this case.

On March 21, 2025, Defendants filed a pre-motion conference request seeking

permission to move to dismiss the Complaint. ECF No. 14. Plaintiff failed to respond to the letter and on April 8, 2025 Judge Bulsara ordered that "Plaintiff is given one final opportunity to file an opposition and must do so by 4/22/2025. Failure to file an opposition may result in the Court deeming the request as unopposed, and deeming the motion as being made and granting the request for dismissal without additional briefing or a hearing." In response to Judge Bulsara's order Plaintiff filed a "Memorandum in Support of Objection to State Court Protective Order" which Plaintiff had filed in a state court proceeding. ECF No. 18. The memorandum argues that the state court lacks jurisdiction over the matter before it until the Tribal Court removal and federal action are resolved. *Id*. at 7. Each of Judge Bulsara's Orders were mailed to Plaintiff at the address on record with the Court and were not returned as unclaimed.

By letter dated April 14, 2025, counsel for Defendants advised the Court that all parties, including Plaintiff, had participated in a discovery planning conference. ECF No. 19. Despite this meeting, on May 5, 2025, a copy of the scheduling order entered by this Court on March 28, 2025, which required the discovery planning meeting between the parties was returned as unclaimed, unable to forward. ECF No. 20.

On April 15, 2025, the undersigned scheduled an initial conference for May 13, 2025. This order was mailed to Plaintiff at the address on record with the Court, which had been used in the past. The Order was returned as unclaimed, unable to forward. ECF No. 24.

By Order dated May 8, 2025, Plaintiff was directed to notify the Court of his updated

2

address by June 6, 2025 and was warned that a failure to comply with this Order will result in a Report and Recommendation to the District Judge that this action be dismissed with prejudice for a failure to prosecute.  ECF No. 21.  In addition to mailing a copy of the order to Plaintiff by certified mail the Court directed counsel for Defendants to serve the Order on Plaintiff.  *Id*. Defendants filed an affidavit of service indicating service had been made by Federal Express. ECF No. 22.  The Court's mailing was returned as unclaimed, unable to forward.  ECF No. 25. Plaintiff has not provided the Court with an updated address.

Plaintiff failed to appear at the initial conference scheduled for May 13, 2025.  ECF No. 23.  A copy of the minute entry from this missed conference was mailed to Plaintiff at his address on record and was returned as unclaimed, unable to forward.  ECF No. 26.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).  Moreover, parties have an obligation to notify the Court of any change of address.  *See Rossman v. Suffolk Times*,

No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013). This rule applies to both represented parties as well as *pro se* litigants. *Id.*

Here, although the Order to Show Cause was never delivered to Plaintiff, the Court attempted to caution him that if he failed to respond to the Order to Show Cause, he would run the risk of the undersigned recommending that his case be dismissed. This Court has made every attempt to notify Plaintiff of upcoming conferences and his obligation to update his address. Under these circumstances, the matter cannot proceed. Certainly, the defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

Counsel for Defendants is directed to serve a copy of this Order on Plaintiff.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Plaintiff must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Bulsara prior to the expiration of the fourteen

(14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 12, 2025

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

5